**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

CARROLL JOHNSON,
ADC #138237                                                                                              PLAINTIFF

v.                                            4:10-cv-01192-WRW-JTK

PULASKI COUNTY, et al.                                                                    DEFENDANTS

**ORDER**

**I.     Introduction**

Plaintiff, a state inmate proceeding pro se, paid the $350.00 filing fee to proceed in this civil rights action filed pursuant to 42 U.S.C. § 1983 (Doc. No. 5).[1] However, since Plaintiff is incarcerated, Plaintiff and the Court must rely on the United States Marshal Service for the issuance of summons and service of the Complaint on Defendants. Therefore, Plaintiff will be required to submit a completed in forma pauperis application prior to this Court's ruling on the issuance of summons in this action.

**II.    Screening**

The Court is also required to screen complaints seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss

---

[1] The Plaintiff is hereby notified of his responsibility to comply with the Local Rules of the Court, including Rule 5.5(c)(2), which states: "...If any communication from the Court to a pro se Plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."
  If at some stage in the litigation of this action, Plaintiff decides not to continue to prosecute this action, Plaintiff should notify the Court in the form of a motion for a voluntary dismissal pursuant to Fed.R.Civ.P. 41.
  In addition, if Plaintiff has not completely exhausted his administrative remedies with respect to all his claims, as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. Sect. 1997e, he may file a motion to dismiss his unexhausted claims.

a complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(b)(1), (2).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007). In reviewing a pro se complaint under §1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  But regardless of whether a plaintiff is represented or appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).

In his Complaint, Plaintiff states while he was a pretrial detainee at the Pulaski County Jail in April, 2006, he was attacked by several inmates.[2] He states Defendants Barnett, Strohm, Paxson, Adams and Lambert responded to the incident and stopped the attack against him.  As a result, Plaintiff listed the inmates who attacked him on his enemy alert list which was distributed to the staff.  However, in June, 2006, Plaintiff was placed in a holding cell to await a court hearing and was again attacked by the same inmates.  Plaintiff alleges Defendant Jakes was responsible for

---

[2] Plaintiff originally filed this same action, Johnson v. Pulaski Co., et al., 4:08-cv-3668-JMM, within the three-year statute of limitations period applicable to 42 U.S.C. Section 1983 actions.  That action was dismissed, without prejudice, on October 1, 2009, and this case was filed September 7, 2010.  It appears initially to this Court that Plaintiff's action is timely filed because of the savings statute, ARK.CODE ANN. 16-56-126.

supervising the inmates in the holding cell.

Although Plaintiff alleges a claim of failure to protect, he does not identify unconstitutional actions by any of the 12 named Defendants. His statement that Defendants Barnett, Strohm, Paxson, Adams and Lambert responded to the first incident does not state a claim for relief, in that he does not allege they deliberately disregarded a known danger to him. See Perkins v. Grimes, 161 F.3d 1127, 1130 (8th Cir. 1998) (the detainee "must prove that the official was aware of facts from which the inference could be drawn that a substantial risk of serious harm existed and that the official drew that inference, " citing Farmer v. Brennan, 511 U.S. 833, 837 (1994)). In addition, Plaintiff's allegation against Defendant Jakes that he supervised the inmates in the holding cell where he was attacked, are based on his supervisory position only, and do not state a claim for relief. A supervisor incurs liability only when personally involved in the constitutional violation or when the corrective inaction constitutes deliberate indifference toward the violation. Choate v. Lockhart, 7 F.3d 1370, 1376 (8th Cir. 1993).

Plaintiff also does not include any allegations in his Complaint against remaining Defendants Pulaski County, John Doe Administrator, Randy Johnson, Patrick Wilson, Marc Stanley, or Ed Arivette.

Therefore, Plaintiff's allegations against Defendants fail to state a claim upon which relief may be granted. Plaintiff, if he chooses, may submit to the Court, within thirty (30) days of the entry date of this Order, a superseding Amended Complaint which contains all of his claims against all Defendants he is suing in a single document. Plaintiff is cautioned that an Amended Complaint renders his original Complaint without legal effect. Only claims properly set out in the Amended Complaint will be allowed to proceed. Therefore, Plaintiff's Amended Complaint should: 1) name all the parties he believes deprived him of his constitutional rights and whom he wishes to sue in this

3

action; 2) provide specific facts against each named Defendant in a simple, concise, and direct manner; and 3) indicate whether he is suing each Defendant in his/her individual or official capacity, or in both capacities.

### III. Pleadings

The Court is sensitive to the fact that pro se litigants like Plaintiff are not trained in the law and will give deference to a pro se plaintiff where the law requires. However, all parties, including pro se litigants, must comply with substantive and procedural law. Brown v. Frey, 806 F.2d 801, 804 (8th Cir. 1986). Accordingly, the Court will only consider claims properly pled in a Complaint or in a superseding Amended Complaint. Additionally, the Court will not consider claims stated in notices or other pleadings not filed in compliance with the Federal Rules of Civil Procedure. Accordingly,

IT IS, THEREFORE, ORDERED:

1. Plaintiff shall file an Amended Complaint within thirty (30) days from the date of this order. The Clerk shall mail Plaintiff the Court-provided 42 U.S.C. § 1983 Complaint form. Plaintiff shall complete the Complaint form in its entirety in accordance with this Order. Upon the filing of the Amended Complaint, the Clerk shall resubmit this action to the Court for review pursuant to 28 U.S.C. § 1915(e). Plaintiff's failure to comply with the Court's instructions may result in the dismissal of this action.

2. Plaintiff shall submit to the Court a completed in forma pauperis application within 30 days of the date of this Order. The Clerk shall forward to Plaintiff an in forma pauperis application.

3. The Clerk of the Court is directed to send a copy of this Order to the Grimes Unit of the Arkansas Department of Correction, 300 Corrections Drive, Newport, AR 72112.

IT IS SO ORDERED this 20th day of October, 2010.

                                                     JEROME T. KEARNEY
                                                    UNITED STATES MAGISTRATE JUDGE