**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

CARROLL JOHNSON,
ADC #138237                                                                                              PLAINTIFF

v.                                              4:10-cv-01192-WRW-JTK

PULASKI COUNTY, et al.                                                                       DEFENDANTS

<u>**PROPOSED FINDINGS AND RECOMMENDATIONS
INSTRUCTIONS**</u>

The following recommended disposition has been sent to United States District Judge

William R. Wilson, Jr.   Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.  If the

objection is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than fourteen (14) days from the date of the findings and

recommendations.   The copy will be furnished to the opposing party.    Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District
        Judge (if such a hearing is granted) was not offered at the
        hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the
        hearing before the District Judge in the form of an offer of
        proof, and a copy, or the original, of any documentary or

1

other non-testimonial evidence desired to be introduced at
the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary

hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

## 1.      Introduction

Plaintiff, a state inmate confined at the Grimes Unit of the Arkansas Department of

Correction (ADC), filed this pro se 42 U.S.C. § 1983 action, alleging failure to protect in violation

of his Eighth Amendment right while he was incarcerated as a pretrial detainee at the Pulaski County

Detention Facility in 2006.

By Order dated October 20, 2010 (Doc. No. 6), this Court directed Plaintiff to file an Amended

Complaint after finding his Original Complaint too vague and conclusory to enable the Court to

determine whether it was frivolous, malicious, or failed to state a claim.  Plaintiff filed an Amended

Complaint, adding four Defendants (Doc. No. 10).

After carefully reviewing the documents submitted by Plaintiff, the Court concludes that

Plaintiff's Amended Complaint should be dismissed for failure to state a claim upon which relief

may be granted.

2

## II.      Screening

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(A)(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim.  See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007).  In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  Denton v. Hernandez, 504 U.S. 25, 32 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## III.      Facts and Analysis

In his Amended Complaint, Plaintiff alleges attacks by inmates while incarcerated at the Pulaski County Detention Facility on February 12, 2006, April 20, 2006, and June 13, 2006. On all three of those occasions, Plaintiff states he reported the incidents which occurred and subsequently

was moved to a different Unit.  Following the April 30, 2006 attack, Defendant Hamer generated

an enemy alert list for the Plaintiff.  However, on June 13, 2006, Plaintiff was attacked by one of his

enemies after he was taken to an intake cell to await a trip to court.  He claims security was not

watching the area during the attack.  He alleges Defendants Pulaski County, Johnson, Barnett,

Strohm, Wilson, Stanley, Jakes, Yates, Paxson and Arivette failed in their duties to make policies

to ensure the safety and protection of inmates and to report violations of those policies.

In the October 20, 2010 Order, the Court noted that Plaintiff failed to allege in his Original

Complaint that Defendants deliberately disregarded a known danger to him, as set forth in Perkins

v. Grimes, 161 F.3d 1127 (8th Cir. 1998).  In that case the court held that the pretrial detainee "must

prove that the official was aware of facts from which the inference could be drawn that a substantial

risk of serious harm existed and that the official drew that inference."  Id. at 1130, citing Farmer v.

Brennan, 511 U.S. 833, 837 (1994).  The Court also stated that Plaintiff's allegations against the

supervisors did not state a claim for relief because he did not allege any personal involvement in the

constitutional violation or that their inaction constituted deliberate indifference, citing Choate v.

Lockhart, 7 F.3d 1370, 1376 (8th Cir. 1993).

The Court finds that Plaintiff does not cure these deficiencies in his Amended Complaint and

that he does not plead "enough facts to state a claim to relief that is plausible on its face." Bell

Atlantic Corp., supra, 550 U.S. at 547.  In order to support a claim for relief against Defendants

pursuant to 42 U.S.C. § 1983, Plaintiff must allege that a person acting under the color of state law

deprived him of some Constitutional right.  Griffin-El v. MCI Telecommunications Corp., et al., 835

F.Supp. 1114, 1118 (E.D.MO 1993).   Supervisor liability is limited in § 1983 actions, and a

supervisor cannot be held liable on a theory of respondeat superior for his or her employee's

allegedly unconstitutional actions.  See White v. Holmes, 21 F.3d 277, 280 (8th Cir. 1994).  A supervisor incurs liability only when personally involved in the constitutional violation or when the corrective inaction constitutes deliberate indifference toward the violation.  Choate v. Lockhart, supra, 7 F.3d at 1376.  In this case, Plaintiff does not allege any prior knowledge or personal involvement by any of the Defendants with respect to the incidents at issue in his Amended Complaint.

In addition, Plaintiff does not allege that any of the Defendants disregarded a known danger to him prior to his attacks.  Rather, he alleges that after each attack he notified officials and was moved to another Unit.  He does not allege that any of the Defendants personally knew they were placing him near a known enemy and deliberately disregarded that danger.  Finally, Plaintiff does not include any specific allegations of unconstitutional conduct against Defendants Adams, Lambert, Smith, Wyatt, or Ward.

The Court also notes that Plaintiff's claims against Defendants are time-barred.  The alleged incidents at issue occurred on February 12, 2006, April 20, 2006, and June 13, 2006.  The applicable statute of limitations for this § 1983 action is the forum state's statute for personal injury actions, which is a three-year statute in Arkansas.  See Morton v. City of Little Rock, 934 F.2d 180, 182 (8th Cir. 1991).  In this case, Plaintiff filed his Complaint on September 7, 2010, which is more than three years after the last incident alleged in the Complaint.   The Court also notes, that although the statute of limitations is an affirmative defense, this Court can dismiss an in forma pauperis complaint pursuant to 28 U.S.C. § 1915(e)(2) when it is clear that the limitations period has run.  See Myers v. Vogal, 960 F.2d 750, 751 (8th Cir. 1992).  Therefore, the Court finds Plaintiff's Complaint should be dismissed, and that this dismissal should count as a "strike" within the meaning of the PLRA, 28

U.S.C. § 1915(g).[1]

**IV.      Conclusion**

IT IS, THEREFORE,  RECOMMENDED that:

1.      Plaintiff's Amended Complaint be DISMISSED, for failure to state a claim.

2.      Dismissal of Plaintiff's Amended Complaint be considered a "strike" within

the meaning of 28 U.S.C. § 1915(g).

3.      The Court certify that an <u>in forma pauperis</u> appeal from an Order and Judgment

dismissing this action would not be in good faith.

IT IS SO RECOMMENDED this 5th day of January, 2011.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[1]The PLRA provides that a prisoner may not file an <u>in forma pauperis</u> civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.